UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

CALVIN JAMES LESLIE,

  Plaintiff,

v.

TONY MOULATSIOTIS,

  Defendant.

Case No. 25-cv-1871

HON. PAUL L. MALONEY
MAG. JUDGE RAY KENT

---

Calvin James Leslie #1270757
Pro se Plaintiff
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

Allan C. Vander Laan (P33893)
Cummings, McClorey, Davis & Acho, PLC
Attorney for Defendant
2851 Charlevoix Drive SE, Ste. 203
Grand Rapids, MI  49546
(616) 975-7470
avanderlaan@cmda-law.com

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Tony Moulatsiotis, by and through his attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, and for his Answer to Plaintiff's Complaint states:

- My sister Sandra Leslie in 2016 turn our family property over to me, I had the quit claim deeds and then I contacted the county treasurer

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- He had informed me that the property was going into foreclosure since my sister owed $9,000

**ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- He stated to me that the county should have never turn the property over to me

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- I decided to set up a payment arraignment

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- The county told me $1,500 a month

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- I told them that I was not able to pay that much

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- I also gave them my new address at 1305 E. Oakey Blvd Las Vegas NV 89104

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

{02632095-1 }

- During that time the county had my new address and my sister was no longer the owner of the property

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- The county treasurer kept sending my sister notices to her at 1141 Bate St S.E. when she was no longer the property owner

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- I had hearings and they kept sending to her notices

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- The county treasurer office had purposely did that on purpose

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- And they had a hearing in March 2017 I had to pay $800.00 for a lawyer who appeared but had failed to address the court that I had never received notice

  **ANSWER: Neither admitted, nor denied, as this Defendant has insufficient information upon which to form an answer and therefore leaves Plaintiff to his proofs.**

- My 4th amendment, 8th, 14th amendment rights were violated

  **ANSWER: Denied as untrue.**

- The county treasurer purposely did this to me intentionally and maliciously

  **ANSWER: Denied as untrue.**

  **WHEREFORE**, Defendant respectfully requests this Honorable Court to dismiss Plaintiff's Complaint and enter a judgment in favor Defendant, together with an award of costs and attorney fees wrongfully incurred.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, Tony Moulatsiotis, by and through his attorneys, Cummings, McClorey, Davis & Acho, PLC, and hereby gives notice he may establish by way of motion, at trial or otherwise, the following Affirmative Defenses:

1. Defendant objects to the misjoinder and nonjoinder of any and all claims and parties.

2. Plaintiff's Complaint fails to state claim upon which relief can be granted.

3. Plaintiff lacks standing to bring his claims because he did not necessarily have any equity in the subject property and therefore has not suffered any damages.

4. Plaintiff did not assert any claims as permitted under the GPTA in a timely action and cannot now complain of lawfully taken actions by Defendant.

5. Plaintiff's Complaint is barred by laches, unclean hands, and equitable estoppel.

6. Plaintiff's claims are barred by res judicata.

7. Plaintiff's claims for damages are barred in whole, or in part, by his failure to mitigate.

8. Plaintiff's claims are barred because the office of the Muskegon County Treasurer was acting under the authority of law, including, but not limited to, the GPTA.

9. The *Rafaeli* opinion held that Plaintiff's claimed damages, if any, must be set off by the amount of delinquent taxes, costs, interest, and fees. Moreover, such damages, if any, must be set off by amounts owed by Plaintiff to other parties with interest in the property that is the subject matter of the Complaint.

10. MCL §211.78t provides Plaintiff the exclusive remedy for all claims under state law.

11. Plaintiff cannot bring a claim directly under the Fourth, Eighth, or Fourteenth Amendments when, "state law provides a cause of action by which property owners may seek just compensation against the State." **DeVillier vs. Texas**, 601 U.S. (2024); *see also* **Grainger v. County of Ottawa**, No. 1:19-cv-501, U.S. Dist. LEXIS 38472, *11 (W.D. Mich. Mar. 2, 2021) (dismissing Takings Claim brought directly under the Fifth Amendment).

12. Plaintiff's claims are barred by the applicable statute of limitations.

13. Defendant's actions were legal and in accordance with the Michigan General Property Tax Act at the time the actions were taken.

14. Defendant is entitled to sovereign immunity.

15. Defendant is entitled to qualified immunity.

16. Defendant is entitled to governmental immunity from all state law claims asserted against him pursuant to Michigan's Government Tort Liability Act.

17. Defendant is entitled to governmental immunity from Plaintiff's federal claims.

18. Defendant may be entitled to his attorney fees pursuant to 42 U.S.C. §1988 as the prevailing party.

19. Defendant reserves the right to add any other special and/or Affirmative Defenses which may become known through the course of subsequent discovery, investigation and/or trial in the above captioned matter.

## RELIANCE UPON JURY DEMAND

Defendant Tony Moulatsiotis hereby relies upon the jury demand filed by Plaintiff within this cause of action.

Respectfully Submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Dated: July 30, 2026          */s/ Allan C. Vander Laan*
                              Allan C. Vander Laan (P33893)
                              Attorney for Defendant